IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POPSOCKETS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SHOP1100011054 STORE, et al.,<br><br>    Defendants. | Case No. 22-cv-00870<br><br>**Judge Sara L. Ellis**<br><br>**Magistrate Judge Maria Valdez** |

**PLAINTIFF'S MOTION TO COMPEL**

Plaintiff PopSockets LLC ("Plaintiff"), by its counsel, moves this Honorable Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel defendants SHIEID US and BAILI-US ("Defendants") to respond fully to Plaintiff's First Set of Interrogatories and to produce documents responsive to Plaintiff's First Set of Requests for the Production of Documents and Things. Since Defendants have not responded at all after several Rule 37 conferences, and there is no dispute at this time about the scope of any specific discovery request, Plaintiff is unable to file this as a joint motion.

**BACKGROUND**

On March 24, 2022, Plaintiff served its First Set of Interrogatories ("Interrogatories"), First Set of Requests for Admissions ("RFAs") and First Set of Requests for Production ("RFPs") (collectively, "Plaintiff's Discovery Requests") on Defendants. *See* Declaration of Allyson Martin (the "Martin Decl.") at ¶ 2. Defendants' responses to Plaintiff's Discovery Requests were due in thirty (30) business days pursuant to the Preliminary Injunction [42]. The response deadline elapsed on May 6, 2022. On June 1, 2022, Plaintiff sent an email to Defendants advising that the deadline to respond to Plaintiff's Discovery Requests had elapsed and requesting a Local Rule

1

37.2 meet-and-confer conference. *Id.* at ¶ 3. On June 6, 2022, Plaintiff sent an email to Defendants following up on the request for a Local Rule 37.2 meet-and-confer conference. *Id.*

On June 7, 2022, Defendants provided a response to the RFAs.[1] *Id.* at ¶ 4. Regarding their responses to the Interrogatories and RFPs, Defendants stated that Defendants were in the process of completing responses and would provide shortly. *See* Exhibit 3 to the Martin Decl. On June 9, 2022, the parties held a Local Rule 37.2 meet-and-confer conference. *Id.* at ¶ 5. On August 11, 2022, Defendants served what Defendants' counsel categorized as "preliminary document production" that included an untranslated document as well as what appear to be screenshots of product listings with no bates numbering. *Id.* at ¶ 6. In connection to the "preliminary document production," Defendants' counsel assured Plaintiff that Defendants were in the process of gathering additional documents and answering Plaintiff's interrogatories and would respond fully, shortly thereafter. *See* Exhibit 4 to the Martin Decl.

On October 17, 2022, Plaintiff sent Plaintiff sent an email to Defendants requesting a Rule 26(f) Conference as well as a further Rule 37.2 meet-and-confer conference to discuss Defendants' overdue discovery responses. *Id.* at ¶ 7. On October 26, 2022, the parties held the conferences and discussed the deficiencies of the discovery responses. *Id*. at ¶ 8. The parties agreed to a two-week deadline for Defendants' full discovery responses to be served, or until November 9, 2022. *Id*. Defendants failed to provide any response by said deadline or thereafter. *Id.* at ¶ 8-9.

---

[1] Because Defendants did not timely assert objections to Plaintiff's discovery requests, this resulted in a waiver of all objections that could have been asserted. *See Autotech Techs., Ltd. P'ship v. AutomationDirect.Com, Inc*., 236 F.R.D. 396, 398 (N.D. Ill. 2006). Under Fed. R. Civ. P. 33(b)(4), "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Similarly, untimely objections to requests for production are also waived. *See VYSE Gelatin Company v. Hicks*, 2019 WL 13084200, at *1 (N.D. Ill. June 3, 2019).

Pursuant to NDIL Local Rules 26(f) and 37.2, the undersigned certifies that after consultation by telephone and good faith attempts to resolve differences, counsel for Plaintiff and Defendants are unable to reach an accord as to the issues identified in this Motion.

## ARGUMENT

I. **LEGAL STANDARD**

Discovery under the Federal Rules of Civil Procedure "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). This standard envisions and requires open, far-reaching discovery. *See United States v. Farley,* 11 F.3d 1385, 1390 (7th Cir. 1993) ("The Federal Rules of Civil Procedure contemplate broad discovery"). Also, Rule 37 provides that a party may seek to compel discovery in situations where a responding party refuses to provide requested documents or information. Fed. R. Civ. P. 37(a)(3)(B)(iv).

II. **DEFENDANTS SHOULD BE REQUIRED TO PROVIDE COMPLETE RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS.**

Defendants have continuously delayed and failed to produce written responses and documents per Plaintiff's requests. At present, Defendant has only provided responses to the RFAs and seventeen documents. These documents were received several months following both the expiration of the time to serve responses to Plaintiff's Discovery Requests and Defendants' assurances regarding their production timeline.

The documents produced are deficient. Namely, the documents appear to only relate to Defendant SHIEID US. The documents also include a chart that appears to be in the Chinese language without translation, so Plaintiff cannot discern its contents or significance. Additionally, the remaining documents appear to be screenshots of Defendant SHIEID US' orders on the

3

Amazon platform as well as screenshots of product listings on other third-party platforms. Plaintiff cannot verify, discover, or understand these documents in the current form without explanation or further information as to which of Plaintiff's Discovery Requests these documents pertain.

Plaintiff has conveyed to Defendants' counsel the deficiencies of these documents and has been assured several times since June 2022 that Defendants would produce complete and responsive answer and documents within a timely manner. Plaintiff has not received any other documentation or responses despite its best efforts and good faith discussions with Defendants' counsel.

## CONCLUSION

Accordingly, Plaintiff respectfully requests this Court to grant their Motion to Compel in its entirety, and order Defendants to produce written responses, documents, and identify information previously requested by Plaintiff.

Dated this 14th day of November 2022.     Respectfully submitted,

/s/Allyson M. Martin
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Kahlia R. Halpern
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
khalpern@gbc.law

*Counsel for PopSockets LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November 2022, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of Electronic Filing" to all attorneys of record in this case.

    Respectfully submitted,

    /s/Allyson M. Martin
    Amy C. Ziegler
    Justin R. Gaudio
    Allyson M. Martin
    Kahlia R. Halpern
    Greer, Burns & Crain, Ltd.
    300 South Wacker Drive, Suite 2500
    Chicago, Illinois 60606
    312.360.0080 / 312.360.9315 (facsimile)
    aziegler@gbc.law
    jgaudio@gbc.law
    amartin@gbc.law
    khalpern@gbc.law

    *Counsel for PopSockets LLC*