UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POPSOCKETS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 22 C 870 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| THE PARTNERSHIPS AND ) | |
| UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED ON SCHEDULE "A", ) | |
| ) | |
| Defendants. ) | |

**ORDER**

The Court grants in part and denies in part Plaintiff's motion to dismiss Defendants' counterclaims and to strike affirmative defenses [87]. The Court dismisses Defendants SHIEID US and BAILI-US' declaratory judgment counterclaims (Counterclaims I-III). The Court strikes their invalidity defense based on PopSockets' alleged lack of good faith, as set forth in ¶ 26 of their affirmative defenses and counterclaims. The Court also strikes the phrase "a felony under 18 USC § 2320" from ¶ 19 of their affirmative defenses and counterclaims. See Statement.

**STATEMENT**

Plaintiffs PopSockets LLC ("PopSockets") filed this lawsuit against the Partnerships and Unincorporated Associations Identified on Schedule A, including Defendants SHIEID US and BAILI-US (collectively, "SHIEID"). PopSockets designs, manufactures, and sells a grip-stand (POPGRIP), which provides for secure one-handed holding for any mobile device. It also sells a companion phone mount (POPMOUNT), which allows users to place their phones on a dashboard, mirror, or other surface for hands-free viewing. PopSockets has registered various trademarks, including AIRBAG for hand grips, stands, mounts, and cases adapted for handheld electronic devices, specifically, smartphones, tablet computers, cameras, and portable sound and video players in class 009. SHIEID sells phone cases on Amazon through two online stores, including a phone case for a Samsung Z Flip 3 5G flip phone. The description for the Samsung phone case includes the phrases "Built-in Airbag Protective Cover" and "Built-in Airbag Protective Case." Doc. 73 at 22.

PopSockets brings claims for trademark infringement and counterfeiting in violation of 15 U.S.C. § 1114 and false designation of origin in violation of 15 U.S.C. § 1125(a). While PopSockets has settled with or obtained a default judgment against many of the defendants named on Schedule A, SHIEID has appeared in this case and filed an answer, affirmative defenses, and counterclaims. SHIEID asserts as affirmative defenses descriptive fair use under 15 U.S.C. § 1115(b)(4) and the invalidity of the AIRBAG mark. SHIEID also brings four

counterclaims, seeking declaratory judgments of non-infringement and non-counterfeiting, and that SHIEID's use of "airbag" does not constitute false designation of origin, as well as a claim for the cancellation of the AIRBAG trademark registration pursuant to 15 U.S.C. § 1119. PopSockets now moves to dismiss SHIEID's counterclaims and to strike the invalidity of the mark affirmative defense, as well as the allegation that PopSockets has accused SHIEID of a felony.

I.      Motion to Dismiss the Counterclaims

   A.      Declaratory Judgment Claims

The Court has discretion as to whether to hear a declaratory judgment action. *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 746–47 (7th Cir. 1987). If a declaratory judgment will clarify and settle the disputed legal relationships at issue and afford parties relief from future insecurity and uncertainty, the Court should hear the action rather than dismiss it. *Nucor Corp. v. Aceros y Maquilas de Occident, S.A. de C.V.*, 28 F.3d 572, 578 (7th Cir. 1994). Typically, where "the substantive suit would resolve the issues raised by the declaratory judgment action, the declaratory judgment action serves no useful purpose because the controversy has ripened and the uncertainty and anticipation of litigation are alleviated." *Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1065 (N.D. Ill. 2013) (citation omitted). "Thus courts routinely dismiss counterclaims that seek to generate an independent piece of litigation out of issues that are already before the court; this includes counterclaims that merely restate an affirmative defense, as well as those which simply seek the opposite effect of the complaint." *Id.* (collecting cases).

Here, PopSockets argues that the Court should dismiss SHIEID's declaratory judgment counterclaims because they are duplicative of PopSockets' claims and so serve no useful purpose. Indeed, SHIEID admits as much, acknowledging in its counterclaim that "the counterclaims somewhat mirror the counts in the complaint." Doc. 73 ¶ 20. Nonetheless, SHIEID argues that the counterclaims include a "small but significant difference": a request for attorney's fees pursuant to 15 U.S.C. § 1117(a). Doc. 95 at 4. But SHIEID does not need its counterclaims to recover attorney's fees under 15 U.S.C. § 1117(a), as § 1117(a) allows an award of attorney's fees in exceptional cases to the "prevailing party." If SHIEID defeats PopSockets' affirmative claims, it qualifies as the prevailing party and will have the opportunity to argue that an award of attorney's fees is warranted. *See Malibu Media, LLC v. Redacted*, 705 F. App'x 402, 407 (6th Cir. 2017) (similar provision for attorney's fees under the Copyright Act "awards reasonable attorney's fees to the prevailing party . . . without regard to whether the defendant has asserted a counterclaim").

SHIEID also argues that "Plaintiff should not have unilateral control over whether this Court reaches the merits of the case." Doc. 73 ¶ 20. It maintains that the nature of this case—specifically, one where the plaintiff has filed suit against numerous defendants, many of whom do not appear, and has leveled serious accusations against it—makes this case unique and warrants allowing the counterclaims to proceed. *See Square One Ent. Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, No. 20 C 5685, 2021 WL 1253450, at *2–3 (N.D. Ill. Apr. 5, 2021) (allowing defendant to assert duplicative counterclaims because "a claim

that a defendant sells counterfeit goods is serious and can affect the defendant's business beyond the particular case" and "a defendant desiring a decision on the merits regarding the validity of a trademark or copyright should be able to have that decision without the plaintiff's consent"); *Malibu Media, LLC v. Khan*, No. 18 C 3028, 2019 WL 1382082, at *3–4 (N.D. Ill. Mar. 27, 2019) (allowing defendant to maintain redundant declaratory judgment counterclaim because the counterclaim "will offer protection should [the defendant] choose to challenge [the plaintiff's] case on the merits instead of submitting to settlement" and "affords an opportunity for her to clear her name"). But the Court respectfully disagrees that the type of case should change the analysis. Because SHIEID has filed an answer in this case, PopSockets cannot voluntarily dismiss its claims absent order of the Court. Fed. R. Civ. P. 41(a)(2). And Rule 41(a)(2) allows the Court to condition dismissal on "whatever terms and conditions [it] deems necessary to offset the possible prejudice defendant may otherwise suffer from plaintiff dismissing his complaint." *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994). Thus, dismissing the duplicative counterclaims does not mean that PopSockets retains unilateral control over the disposition of the case. *See Symbria, Inc. v. Callen*, No. 20-CV-4084, 2022 WL 16948809, at *5 (N.D. Ill. Nov. 14, 2022) (striking duplicative counterclaims and noting that the "Federal Rules of Civil Procedure offer another layer of protection to Defendants"). And SHIEID can pursue its goal of clearing its name and disproving PopSockets' serious allegations by zealously defending itself against PopSockets' affirmative claims.[1] Therefore, because SHIEID's declaratory judgment counterclaims "essentially present[ ] nothing more than the flip side of [PopSockets'] claims," the Court finds them unnecessary and so dismisses them without prejudice.[2] *Bodum USA, Inc. v. A Top New Casting Inc.*, No. 16 C 2916, 2016 WL 4440258, at *2 (N.D. Ill. Aug. 23, 2016); *see also Maui Jim, Inc. v. SmartBuy Guru Enters.*, No. 1:16 CV 9788, 2018 WL 509960, at *8 (N.D. Ill. Jan. 23, 2018) (collecting cases dismissing counterclaims that "merely restate[d] an issue already before the court").

      **B.**      **Claim for Cancellation of Trademark Registration**

PopSockets also seeks dismissal of SHIEID's counterclaim for cancellation of the AIRBAG mark, arguing that SHIEID has failed to sufficiently allege that the AIRBAG mark is descriptive or generic and so not entitled to protection. "Marks are classified into five categories of increasing distinctiveness: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, and (5) fanciful," with the last three "automatically entitled to trademark protection because they are inherently distinctive." *Platinum Home Mortg. Corp. v. Platinum Fin. Grp., Inc.*, 149 F.3d 722, 727 (7th Cir. 1998). Generic terms, *i.e.*, commonly used terms that do not identify a particular source, are not entitled to trademark protection. *Id.* And descriptive terms, *i.e.*, those that "describe[ ] the ingredients, qualities, or characteristics of an article of trade or a service," enjoy trademark protection only if the terms have acquired secondary meaning. *Id.* Secondary

---

[1] If PopSockets does seek to voluntarily dismiss its claims against SHIEID, the Court will address any concerns SHIEID has about the effect of a voluntary dismissal on its ability to clear its name and the possibility of future litigation at that time.

[2] Because the Court dismisses the declaratory judgment claims as duplicative, the Court does not address PopSockets' alternative argument that the Court should dismiss these claims to the extent they seek a declaration of fair use.

3

meaning occurs where the mark has become "uniquely associated with a specific source." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 766 n.4 (1992).

Here, SHIEID alleges that the term airbag has been used by phone case manufacturers to describe "an air-pocket, cushion, or bumper on the four corners of the phone case," Doc. 73 ¶ 9, and that PopSockets has not claimed that AIRBAG has acquired secondary meaning, *id.* ¶ 13. PopSockets argues that SHIEID has not provided the Court with any supporting evidence to demonstrate that the AIRBAG mark does not qualify for trademark protection. Doc. 97 at 7. But this involves a fact-intensive determination generally not appropriate at the motion to dismiss stage. *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 420 (7th Cir. 2019). At this stage, SHIEID has included sufficient allegations to call into question the mark's validity, and so the Court will not dismiss this counterclaim.

## II. Motion to Strike

PopSockets also asks the Court to strike SHIEID's second affirmative defense concerning the invalidity of the AIRBAG mark for failure to include sufficient factual allegations under Rule 9(b). SHIEID alleges that the mark is invalid not only because it is generic or descriptive, but also because PopSockets did not file its intent to use application concerning the mark in good faith. PopSockets argues that the latter basis—that PopSockets did not file its application in good faith—amounts to a claim of fraud on the Patent and Trademark Office ("PTO") and thus must meet Rule 9(b)'s particularity requirement. *See RBG Plastic, LLC v. Webstaurant Store*, No. 1:18-CV-05192, 2021 WL 4146899, at *5 (N.D. Ill. Sept. 13, 2021) ("[T]he plain language of Civil Rule 9(b) does not limit the heightened-pleading requirement that in 'alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake' to the pleading of claims for relief. The high bar of Rule 9(b) therefore applies to affirmative defenses alleging fraud."). SHIEID responds that it should be allowed to develop through discovery any theories that PopSockets obtained the registration fraudulently, with its allegations that a Google search would have revealed that "airbag" was commonly used to describe a feature of phone cases sufficient to show that PopSockets knew the representations it made in its intent to use application about the use of the mark were false. But SHIEID must do more to pursue this defense in discovery. Its allegations of widespread use do not allow for the reasonable inference that PopSockets knew of the usage, considered that such usage undermined its assertions to the PTO, or made the representations with deceptive intent. *See id.* at *4 (claim of fraud on the PTO based on alleged widespread use of a mark did not meet Rule 9(b)). Therefore, the Court strikes SHIEID's invalidity defense based on PopSockets' alleged lack of good faith, as set forth in ¶ 26 of its answer and counterclaim.

PopSockets also asks the Court to strike the following statement from SHIEID's affirmative defenses and counterclaims: "Since Defendants have been accused by Plaintiff of trafficking in counterfeit goods, a felony under 18 USC § 2320, Defendants wish to clear their name and to preclude PopSockets from filing future lawsuits accusing them or others of counterfeiting or infringement for the use of 'airbag' as a description of the airbag corner bumper." Doc. 73 ¶ 19. PopSockets argues that the allegation that it has accused SHIEID of a felony is irrelevant, incorrect, and distracts from the issues presented to the Court. The Court agrees that, although the elements of counterfeiting for civil and criminal liability are similar,

4

*compare* 15 U.S.C. § 1127, *with* 18 U.S.C. § 2320, this fact has no relevance to the issues before the Court.  And, as SHIEID acknowledges, PopSockets is "not in the position of a federal prosecutor and has not charged SHIEID with a crime."  Doc. 95 at 2.  Therefore, the Court strikes the phrase "a felony under 18 USC § 2320" from ¶ 19 of SHIEID's affirmative defenses and counterclaims pursuant to Rule 12(f).  Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

Date:  January 9, 2023                                                           /s/  Sara L. Ellis